### In re KAPLAN.

(District Court, S. D. Mississippi, Jackson Division. June, 1910.)

BANKRUPTCY (§ 395*)—EXEMPTIONS—MISSISSIPPI STATUTE.

The exemption allowed by Code Miss. 1906, § 2147, which provides that "every citizen of this state, male or female, being a householder and having a family residing in any city, town or village, shall be entitled to hold * * * personal property to be selected by him not to exceed in value $250," cannot be claimed by a bankrupt who is not a citizen of the United States nor of the state.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 656–658; Dec. Dig. § 395.*]

In the matter of J. H. Kaplan, bankrupt. On certificate of referee. Order affirmed.

The following is the report of West, Referee:

During the progress and administration of the above matter the following question arose: The bankrupt filed his petition and schedules in bankruptcy

on December 25, 1909, and on said day he was duly adjudged a bankrupt. The bankrupt claimed in his said schedules the following property as exempted to him under the state laws: "Household and kitchen furniture and wearing apparel (section 2139, Code Miss. 1906), $100.00. One cow (same section as above). Two hundred and fifty dollars in personal property, to wit, money (section 2147, Code Miss. 1906), $250.00."

All of the said property, except the sum of $250, was allowed to the bankrupt as exempted, and delivered to him by the trustee; and from the order disallowing said $250 a petition for review has been filed, and the matter is certified to you for decision on appeal from said order. The testimony showed that the bankrupt was a Russian, who had not been naturalized as a citizen of the United States and of the state of Mississippi. He testified that he had filed his declaration of intention to become a citizen, but that the matter had not been consummated at the time of his bankruptcy, so that he was not, at the time of the bankruptcy, nor yet, for that matter, a citizen of the United States of America and of the state of Mississippi.

My contention is that the exemption laws of this state have made three classes of exemptionists, as follows:

The first paragraph of section 2139 of the Code of 1906 is as follows: "Personal Property Exempt.—The following property shall be exempt from seizure under execution or attachment, to wit." And it then enumerates the items, such as tools of a mechanic, etc. This exemption is allowed, regardless of citizenship or head of family, so that the mechanic, regardless of the fact as to whether he be a citizen of Mississippi or head of a family, is entitled to the exemption.

The ninth clause of said section is as follows: "The following property of each head of a family, to be selected by the debtor, to wit: * * * " And then the items are enumerated, such as work horses, household goods, etc. As is readily seen, the exemption here is given only to the head of a family. The bankrupt, being the head of a family, was allowed his cow and his household goods, and that exemption was allowed regardless of whether the claimant be a resident of a city, town, or village, or a rural resident, since no limitation clause is found in the section; but I take it that it may be inferred the Legislature intended such an exemption in the interest of the husbandman, especially from the many items enumerated. It was under this section that I allowed the bankrupt his exemptions.

Section 2147 of the Code of 1906 allows certain exemptions to the resident of a city, town, or village, and is in the following language: "Every citizen of this state, male or female, being a householder and having a family residing in any city, town or village, shall be entitled to hold," etc., "the land and buildings," etc., "and personal property to be selected by him not to exceed in value two hundred and fifty dollars, or the articles specified as exempt to the head of a family." It is quite evident to my mind that the Legislature intended a distinction between this section and 2139, supra. It is under section 2147 that the bankrupt claimed the $250 of personal property (money), and which I denied him.

Since it is rather difficult for the urban resident to conveniently, and economically, I might say, own horses, cows, sheep, fodder, rye, corn, potatoes, oats, hogs, chickens, farming implements, and the numerous other things listed in section 2139, which make rural life so attractive to the urban inhabitant, the Legislature, in its effort to recompense the city resident for the deprivation of the good things above mentioned, gave to him, not only his land and buildings resided upon as a homestead, but allowed him $250 of personal property to be selected by him, or the articles specified as exempted to the head of a family. The word "or" is important in this connection, since it shows that the exemptionist must make a selection, if he be a resident, as was the bankrupt in this case, of a city, town, or village. In other words, if he desires to select $250 worth of personalty, instead of the articles exempted to the head of a family under section 2139, supra, he may do so, and this selection may be made from the stock of merchandise on hand; but, if he selects $250 worth of merchandise, he cannot select any of the articles mentioned as exempted to the head of a family under section 2139.

Since the exemption laws are to be liberally construed, I think that, since

Kaplan was unable to make up his selection from his household goods and his cow, I would have allowed him to make up the balance from the stock of goods, had he been a citizen of the United States and of the state of Mississippi. This matter has been up before me quite frequently, and my ruling has been in accordance with that in this case, and no appeal has been heretofore had. I think the Legislature intended the word "citizen" in section 2147 to mean something; and the Supreme Court of this state seems to have had the same idea, since it decided in the case of Vignaud v. Dean, 77 Miss. 860, 27 South. 881, that only a person who is both a resident and a citizen of this state is entitled to homestead exemption under the section. I do not think that an alien is entitled to the exemption mentioned in 2147.

Another reason why the exemption is not allowable is that the court will notice the bankrupt claims as exempted $250 in money, and makes no mention that he claims goods from the stock to the value of $250. Without burdening the court with citations, I beg to say that I have found the bankrupt law to be as follows: At the time the bankrupt files his schedules, he must, in that schedule, make his claim for such exemptions as he may be entitled to receive under the state law. This exemption must be claimed out of the property of the bankrupt. The bankrupt had no cash on hand when he went into bankruptcy, so that he could claim no $250 in money, since the cash drawer was empty and certainly he could not claim it. It is also the law that the bankrupt though making his selection from the stock of goods, may, in order that the rest of the stock may bring a fair value, allow his selection to remain with the rest of the assets, and thus add to the value of the sum total, and when the sale is made have the trustees pay to him his exemptions in money. If the sale should bring dollar for dollar of the appraised value, then the trustee would pay to the bankrupt the sum of $250 in cash; but, if the sale did not bring a dollar for dollar appraisement, then the bankrupt would receive in money the percentage the appraisement bore to the sale. In other words, if the bankrupt had selected goods of the appraised value of $250, and those same goods had brought $200 in money, then the trustee would pay the bankrupt that sum in lieu of the goods. This is done only, as I say, when the bankrupt is desirous of having the money instead of the articles selected. No action or petition of this kind was had by the bankrupt; his claim for exemption being simply $250 in money, which he never had.

The bankrupt also claims that the referee exceeded his right in denying his exemptions, and says that only after the trustee has set aside the exemptions to the bankrupt could the referee, on objection by some creditor to the setting aside of such exemptions, have any right to pass upon the question. To state this proposition is to answer it. To hold any other way than I did would amount to saying that the referee could not pass an order disallowing the exemption until the trustee had actually set aside the same to the bankrupt, who might, before a creditor could object to such allowance, "fold his tents and silently steal away." Where, manifestly, in the opinion of the referee, the bankrupt is not entitled to the exemption claimed, I can see no good reason why such officer should stand idly by, so that such "red tape" may be gone through with before he could legally pass upon the question.

S. L. Dodd, for claimant.
Tackett & Elmore, opposed.

NILES, District Judge. After a careful consideration of the record in this case, I am of the opinion that the action of the referee should not be disturbed. Kaplan was not a citizen of the United States, nor of the state of. Mississippi, and could not claim the $250 exemption. See Vignaud v. Dean, 77 Miss. 860, 27 South. 881.

The action of the referee is therefore affirmed.